UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

AEC ENGINEERING, INC.,
A Minnesota corporation,

Plaintiff,

v.

JERRY SLOBODNIK, a
Minnesota resident,

Defendant.

Court File No. 01-CV-1119 (PAM/JGL)

**STIPULATION AND PROTECTIVE ORDER**

Subject to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff AEC Engineering, Inc. and Defendant Jerry Slobodnik, through their respective attorneys, hereby stipulate and agree that certain information and/or materials disclosed by any party hereto or presented at trial may contain items constituting confidential information or trade secrets of the disclosing party.

In order to preserve the status of the material and information so disclosed, the parties hereby stipulate and agree that this Court shall order that:

1. All discovery in this action shall be used solely for the presentation of claims or defenses in this action.

2. Each party producing information and/or materials during this litigation, which the producing party considers to be confidential, may designate such information and/or materials as hereafter set forth:

OCT 1 6 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

A. Information and/or materials may be designated by the producing party as "CONFIDENTIAL". Information and/or materials believed in good faith to constitute confidential business information or trade secrets of the producing party may be designated as "CONFIDENTIAL." Access to information and/or materials designated "CONFIDENTIAL" shall be permitted by the receiving party only to outside counsel for such party, including their associates, clerks, legal assistants and stenographic personnel, and to the additional individuals described below, provided each such individual has read this Stipulation and Protective Order in advance of disclosure and has signed a confidentiality agreement in the form of Exhibit A before gaining access to such information and/or materials:

1. Persons employed by the receiving party who are required to participate in policy decisions with reference to this action;

2. Expert witnesses and technical personnel (including former personnel) of the parties who need to be consulted by outside counsel for the receiving party in preparation for trial of this action;

3. Stenographic and clerical employees associated with the individuals enumerated above; and

4. Witnesses during depositions or at trial, in accordance with the provisions of this Protective Order.

B. Information and/or materials which are designated "CONFIDENTIAL" shall be maintained in confidence in accordance with the terms of this stipulation and order and shall be used only for the purposes of this litigation.

3. Third parties that are called upon to produce information and/or materials during this litigation, whether by subpoena or otherwise, may also designate such information and/or materials in accordance with the provisions and categories of Paragraph 2, above.

4. If it is necessary for a party to file documents containing information and/or materials which have been designated by a party as "CONFIDENTIAL" with the Court, all such documents, and all pleadings or memoranda which reproduce or paraphrase the information contained in such documents and/or confidential materials, shall be filed under seal with the Court in envelopes or other suitable containers bearing a statement substantially in the following form or in some other form as ordered by the Court:

"CONFIDENTIAL"

> "This envelope containing documents which are filed in this case by (name of party) is not to be opened nor the contents thereof to be displayed or revealed except by Order of this Court."

5. Acceptance by a party of disclosure of information and/or materials pursuant to this Protective Order shall not be construed as an admission that the disclosed information and/or materials constitutes confidential information or trade secrets.

6. Any party may hereafter apply to the Court for relief from this Protective Order or for further protection of confidential information and trade secrets. This order shall not prejudice the applicant in any way in making such application. If a party feels that certain of its confidential information and/or materials is of a character which should not be disclosed even to opposing counsel, the party may apply to the Court for appropriate protection.

7. Every document which a producing party wishes to designate "CONFIDENTIAL" shall be so marked in a conspicuous manner on each page prior to production to the opposing party.

8. If information and/or materials designated "CONFIDENTIAL" is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall bring the disclosure to the attention of the other party, explain the circumstances surrounding the disclosure, and without prejudice to other rights and remedies of the other party, make every effort to prevent further disclosure on its own party or on the part of the recipient of such information and/or materials.

9. Whenever a deposition involves a disclosure of information and/or materials protected under this Stipulation and Protective Order, the following procedure shall be implemented:

A. At the request of either party, the reporter shall mark those pages of the transcript containing the information and/or materials with the appropriate protective order designation, or, at the option of the requesting party, provide for a separately bound transcript containing the confidential information and/or materials. Such request shall be made on the record whenever possible, but any party may so designate portions of the transcript of a deposition after transcription, provided that written notice of such designation is given to the other party within two weeks after receipt of the transcript.

B. The cover of any deposition transcript that contains protected information and/or materials shall be prominently marked with the appropriate protective order designation.

10. Except as specifically identified herein, any materials designated as "CONFIDENTIAL" may not be otherwise disseminated. Confidential information may not be

revealed to third parties, such as customers or suppliers of the corporate parties herein. These restrictions apply both to the dissemination of the actual documents themselves, information from them, and oral communications concerning these documents. These restrictions on dissemination of confidential information shall remain in place and survive the conclusion of this litigation.

11. Any materials designated as "CONFIDENTIAL" under the terms of this Protective Order may be used by any party to present its claims or defenses. Any such use of the confidential information permitted by this Protective Order, or approved later, shall be done in a manner least likely to prevent disclosure to third parties, such as filing under seal or other appropriate actions.

12. Within 30 days of the final termination of this litigation, each receiving party shall, upon request, return to each producing party all materials which have been designated by the producing party as "CONFIDENTIAL" and shall destroy all copies, digests or summaries which have been made of, or prepared from, such documents.

Dated: October 12, 2001

David M. Jaffe

Thomas J. Conley (Minn. #201625)
David M. Jaffe (Minn. #0281700)

LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street
Suite 2300
Minneapolis, Minnesota 55402
Telephone (612) 335-1500
Facsimile (612) 335-1657

ATTORNEYS FOR PLAINTIFF
AEC ENGINEERING, INC.

Dated: October 12, 2001

Aaron F. Biber (Minn. #189376)
V. John Ella (Minn. #249282)

MANSFIELD, TANICK & COHEN, P.A.
1560 International Centre
900 Second Avenue South
Minneapolis, MN 55402

ATTORNEYS FOR DEFENDANT
JERRY SLOBODNIK

**ORDER**

**IT IS SO ORDERED.**

Dated: October 15, 2001

United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

AEC ENGINEERING, INC.,
A Minnesota corporation,

Plaintiff,

v.

JERRY SLOBODNIK, a
Minnesota resident,

Defendant.

Court File No. 01-CV-1119 (PAM/JGL)

**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

STATEMENT OF ________________________

1. I have been requested by counsel for _________________ to assist counsel with certain information and/or materials which I have been informed have been designated as "CONFIDENTIAL" within the terms of the Protective Order issued by the Court in the above-referenced action.

2. I have read the Protective Order entered in this action and I agree not to disclose any information and/or materials designated as "CONFIDENTIAL" and not to use such information and/or materials other than in assisting counsel for _____________.

3. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for enforcement of the undertakings I have made here.

Dated: ________ Signed: ________________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01